**In re Clinton WILSON & Peggy Wilson, Debtors.**

**Bankruptcy No. 88–01826–W–13.**

United States Bankruptcy Court, W.D. Missouri.

Sept. 27, 1988.

---

Rodney J. Hoffman, Kansas City, Mo., for Fidelity Financial Service.

Tom Wood, Independence, Mo., for debtors.

Rick Fink, Chapter 13 Trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtors filed their petition under Chapter 13 on May 6, 1988. Fidelity Financial Services, Inc. (hereinafter creditor) precipitated same by scheduling foreclosure of its seriously delinquent second deed of trust on debtors' residence. Creditor's second deed of trust matures on March 12, 1989 and bears an interest rate of 21% per annum. Debtors' plan, however, seeks to lump the ongoing monthly payments of $218.00 per month and the arrearage of some $1,308.00 into a plan that would pay creditor $121.00 per month for 60 months and allow 9% interest on the arrearage balance. To further color the matter, debtors are elderly, retired and are largely dependent upon social security for their daily bread.

Creditor filed objections to the plan which produced amendments curing certain mechanical failures in their plan. Further the question of feasibility has been mooted by the fact that debtors have taken in a "roomer" at $175.00 per month, which additional income at least theoretically makes the plan barely feasible. Thus creditor's objections are reduced to the simple question of whether debtors' plan violates the prohibition of 11 U.S.C. § 1322(b)(2). Gentle readers will recall that said section prohibits the modification of the rights of a claimant whose claim is secured only by a

security interest in real property that is the debtors' principal residence. Creditor correctly postulates that postponing payment of the underlying debt beyond its original due date is a modification. *In re Bradshaw*, 56 B.R. 742 (S.D.Ohio 1985), *Matter of Stratton*, 30 B.R. 44 (Bkrtcy.W.D.Mich. 1983).

While the Code provides only limited exceptions (in § 1322(b)(5)) to the mandates of § 1322(b)(2), members of the bench have proved to be no less ingenious than the members of the bar from which they sprang in finding perceived additional exceptions (loopholes) in order to allow debtors to retain their residences under the umbrella of Chapter 13. It well may be that the future will see a substantial growth in the size and variety of these loopholes. Put most simply, it is harder for a judge to help swell the numbers of the growing homeless class than it is to read about them in current literature or view them in color television, both from the comfort of an easy chair. Little wonder then that the exceptions are growing. Fortunately, there is one well defined statutory exception and one partially defined judicial exception that allow this author to follow Milton's injunction in Paradise Lost of: "temper so Justice with mercy".

The well defined statutory exception is found in creditor's own paperwork. Although the point was not raised by debtors' counsel, the promissory note of creditor is attached not only to its objections but also to its claim duly filed herein. In the 8th identified paragraph on the front page of creditor's note, the following words appear:

> "SECURITY. (1) You may use any benefits (including premium refunds on purchased insurance) from insurance purchased or required under this loan to pay amounts I owe". (Thereafter are two other numbered paragraphs as to other security not material to this opinion.)

The note reveals that credit life insurance as well as disability insurance was purchased (if not required) for the loan.

The deed of trust reveals that property damage insurance was required by the loan. Creditor took a security interest in all three insurance coverages, not only in the proceeds but in the return premiums. Thus creditor was not secured only by a security interest in real property, but by a security interest in certain personal property as well. *In re Stiles*, 74 B.R. 708 (Bankr.N.D.Ala.1987); *Caster v. United States*, 77 B.R. 8 (Bankr.E.D.Pa.1987); *In re DeMoss*, 59 B.R. 90, 14 Bankr.Ct. Dec. (CRR) 300 (Bankr.W.D.La.1986).

The judicial exception is neither as well developed nor as broad in its application. The U.S. District Court For the Western District of Missouri decided *In re Spader*, 66 B.R. 618 (W.D.Mo.1986) that short term debt totally matured and secured by a deed of trust on a debtor's residence could be paid out over the 36 month life of a proposed Chapter 13. That decision is controlling on this Court and will be followed. Therefore, at least as to the arrearage, the law in this district is that short term debt can be paid out over the life of the plan. It seems to be a reasonable step rather than a quantum leap from *Spader's* holding, to hold that a short term debt maturing within the life of the plan may likewise be extended for the life of the plan.

This leads finally to the question of the interest to be charged. The 21% interest rate on the unmatured balance due as of the date of filing is continued. The arrearage as of the date of filing shall bear interest at 9% per annum as announced in *Spader*.

Debtors may need to amend their plan to conform to the requirements set out by this Opinion. They will be granted twenty (20) days to do so. If their plan is not or cannot be so amended within said time, the case will be dismissed.

This Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.